IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESSICA GONZALEZ,                                            Case No._____/

      Plaintiff,

v.

RENT-A-CENTER EAST, INC.
and
THE LAW OFFICES OF
KENNETH B. DION, P.A.,

      Defendants.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW, the Plaintiff, JESSICA GONZALEZ ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants RENT-A-CENTER EAST, INC. ("RAC") and THE LAW OFFICES OF KENNETH B. DION, P.A. and as grounds thereof states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff for RAC's violations of the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA"), and for Dion Law's violations of the FCCPA and the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331. This action alleges federal claims and requires the resolution of substantial questions of federal law arising under the FDCPA 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this District, as Plaintiff resides in Miami-Dade County, Florida, Defendants transact business here, and this is the District where a, "substantial part of the events or omissions giving rise to the claim occurred," pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff, a natural person over 18 years old, was and is a resident of Miami-Dade County, residing at 631 NW 74th Street, Miami, Florida 33150.

5. Defendant RAC is a Delaware corporation engaged in commerce in Miami Dade County, Florida, with its principle place of business at 5501 Headquarters Dr., Plano, Texas 75024. .

6. Defendant Dion Law was and is engaged in debt collection activities in Miami-Dade County, Florida. Dion Law is a Florida corporation, with a principle address at 310 Tenth St., W. Palm Beach, Florida 33401.

## FACTUAL ALLEGATIONS

7. On or about April 10, 2015, Plaintiff visited RAC's store at 783 NW 37th Ave., Miami, FL 33125 to shop for furniture and appliances.

8. Ms. Gonzalez rented a used bedroom set and washer from RAC, and agreed to pay for them on a weekly basis under a rent to own agreement ("Agreement") with RAC.

9. Plaintiff made continuous payments pursuant to the terms of the Agreement until on or around April 2016, when she became severely ill and had to reduce the number of hours she worked.

10. As a result of her illness and the responsibilities of parenting two minor young boys, the reduction in work hours caused Ms. Gonzalez to have financial difficulties. This led Ms. Gonzalez to fall behind in making payments to Defendant RAC.

11. When Plaintiff was behind on her weekly payments, Defendants engaged in a scheme of abuse and harassment, as explained *infra*, while attempting to collect payments from Ms. Gonzalez.

12. When Plaintiff attempted to pay the past due payments, Defendant RAC did not accept them. Instead, Defendant RAC demanded that Plaintiff pay two weeks of rental payments in advance before they would accept the past due amounts.

13. Plaintiff contacted RAC's corporate headquarters to inquire about the policy of having to pay ahead two weeks in order to pay on past due balances. RAC's corporate representatives informed Ms. Gonzalez that advance payments were not required when bringing an account current. This inquiry was assigned reference number 301478 by RAC corporate.

14. RAC came to Ms. Gonzalez's home at 8:00 a.m. on a Saturday morning to harass her and her two boys. An RAC employee pounded on all of the doors and windows in an attempt to talk to Ms. Gonzalez about her past due payments. Ms. Gonzalez and her children, both of whom were woken up by the loud pounding, became fearful and fled to the closet, trembling and shaking.

15. RAC sent text messages to Ms. Gonzalez's friends and family telling them that Ms. Gonzalez was behind on her payments and that she would be arrested. This has humiliated Ms. Gonzalez.

16. RAC has shown up at Ms. Gonzalez's home at all hours of the day and night leaving messages on her door and hand-delivered notes in her mailbox.

17. RAC leaves blank or vague RAC-branded door-hangers in Ms. Gonzalez's mailbox and on her door. RAC has also left paper communications about Ms. Gonzalez's debt, not enclosed in envelopes, sticking out of her mailbox on the front of her home. These actions are intended to put Ms. Gonzalez in a constant state of anxiety. This conduct is ongoing.

18. The door hangers referred to above have contained handwritten notes, stating, for one example, "We are sorry to notify you that today your account will be close [sic] and transfer to the collection dept." They are not enclosed in envelopes.

19. On one occasion, Ms. Gonzalez's two young boys were playing outside when a RAC van approached on the street. The boys sprinted inside the home, locked the doors, and screamed to their mother that RAC was coming to get them.

20. On another occasion, Plaintiff arrived home around 7:00 p.m. with her two boys, and, as Ms. Gonzalez's family was walking up to their home, a RAC employee approached and demanded to talk to Ms. Gonzalez. Ms. Gonzalez screamed to her boys to get back in the car. They fled to a friend's house for the evening, returning too late for normal bath and bedtime routines.

21. RAC employees have repeatedly texted and called Ms. Gonzalez, with one text message threatening, in Spanish, "We are going to do a police report." Despite these threats, RAC has not filed a police report.

22. RAC continues to call Plaintiff's phone at all hours of the day, including Sunday evenings. Recently, RAC called Plaintiff three times on a Saturday and again on Sunday evening.

23. RAC employees have left dozens of voicemails on Ms. Gonzalez's phone. These messages are almost always left in an angry, scary tone of voice, and often contain threats.

Sometimes the callers do not identify themselves, and none of the messages contain a callback number.  Confusingly, often the messages both demand immediate payment and state that RAC will no longer take any payments on the account.  Some examples of these messages are as follows (translated from Spanish):

- "This is a message to Jessica, or Giovanni, we need to receive a payment in your account today.  If we do not receive payment today we're not going to accept any more payments in the account.  You cannot keep doing payments like this.  We're not going to take any more payments in the account."
- "Give us a call, your account has too many days past due.  I don't know how to explain to you, but we're not going to accept any more payments."
- "Calling from Rent-A-Center, please communicate with us."
- "We're calling from Rent-A-Center, you need to give us a call back.  Your account has too many days past due.  We already talked to the District Manager.  We're not going to accept any more payments like this.  You better figure out it out, a way to do nonstop payments, but, I mean, we're not [unintelligible].  Please give us a call back today, otherwise you're not going to be able to make another payment in the account, and we will have to pick up all the merchandise.  Thank you."
- "Jessica [unintelligible] the perfect, Giovanni, Rent-A-Center."
- "Giovanni, Rent-A-Center."
- "Hello Giovanni, you guys have to give us a call back immediately please."

24. When Ms. Gonzalez applied to rent the items, she included the name and phone number of her friend, Joseph Arauz, as a reference on the application.

5

25. RAC has telephoned Mr. Arauz, a third party, multiple times, asking for Ms. Gonzalez, telling Mr. Arauz that Ms. Gonzalez is a number of weeks late in her payments, that RAC is going to call the police on Ms. Gonzalez, that Ms. Gonzalez will be arrested for theft, and that Ms. Gonzalez would be taken to court.

26. RAC has telephoned Ms. Sonia Fernandez, the mother of Ms. Gonzalez's ex-boyfriend, asking for Ms. Gonzalez, telling Ms. Fernandez that Ms. Gonzalez is a number of weeks late in her payments, that RAC is going to call the police on Ms. Gonzalez, that Ms. Gonzalez will be arrested for theft, and that Ms. Gonzalez would be taken to court. RAC has called Ms. Fernandez and made these threats, about Ms. Gonzalez, approximately ten times. RAC's harassment of Ms. Fernandez became so regular that Ms. Fernandez stopped answering her phone.

27. On or about July 30, 2016, Plaintiff paid $410.76 to RAC in an effort to make her account current.

28. RAC still persisted, calling and leaving voicemails with Ms. Gonzalez's ex-boyfriend stating that this is RAC, to call RAC, that Ms. Gonzalez had stolen merchandise from RAC, and that she would be prosecuted for crimes.

29. On or about August 6, 2016, Plaintiff complained about the egregious conduct to RAC's corporate headquarters. This inquiry was assigned reference number 471788 by RAC corporate. Her complaints have been ignored to date.

30. On or about August 22, 2016, Plaintiff received a letter ("Letter") from Dion Law, on behalf of RAC, demanding payment. The letter does not identify the amount allegedly owed. See Letter, Attached as Exhibit "A".

6

31. The letter demanded immediate payment, depriving Ms. Gonzalez of the statutory right of thirty days to dispute the validity of the alleged debt. Confusingly, the letter also stated that Ms. Gonzalez had thirty days before the debt would be assumed to be valid.

32. On or about September 13, 2016, Ms. Gonzalez's neighbor filmed a RAC employee, Mr. Rabelo, stealing mail out of Ms. Gonzalez's mailbox, a criminal violation of 18 U.S.C. § 1708. When asked by a neighbor what he was doing, Mr. Rabelo replied that the neighbor should mind her own business because he was looking for a company paper. Mr. Rabelo left nothing in the mailbox. Ms. Gonzalez was expecting a Florida EBT (electronic benefits transfer) card to arrive on the date Ms. Gonzalez's neighbor filmed Mr. Rabelo, but she never received the card. Florida Department of Children and Families confirmed, when Ms. Gonzalez reordered the card, that it was due to arrive on the 13th.

33. After retaining counsel, and notifying RAC that the below-signed counsel represents her, Ms. Gonzalez continued to receive phone calls from RAC.

34. On October 18, 2016, Ms. Gonzalez received a phone call from the personal cell phone of Mr. de la Noval, another RAC employee, demanding payment for money owed RAC. She texted the number to cease communicating with her and that she believed what he was doing was illegal.

35. Mr. de la Noval texted Ms. Gonzalez back, explaining that he was using his personal cell because he was standing outside Ms. Gonzalez's home. Ms. Gonzalez was terrified.

36. After discussing the October 18, 2016 events with Ms. Gonzalez, the below-signed counsel telephoned the local RAC branch to explain to them that Ms. Gonzalez is represented, that we have notified RAC that Ms. Gonzalez is represented, and to please contact the

7

undersigned counsel concerning any matters related to Ms. Gonzalez's debt.  RAC stated that Ms. Gonzalez's counsel should contact corporate and hung up the phone.

37. Ms. Gonzalez feels hopeless.  She has come to believe that RAC will do anything in an effort to coerce her to make payments.  Ms. Gonzalez is in constant fear that RAC will harm her, her two sons, and/or break into her home.  Ms. Gonzalez's small family no longer feels safe in their home.  They do not feel safe in their neighborhood.

38. Defendants intended to besiege Ms. Gonzalez into submission by harassing her and everyone close to her, including her two young boys.

39. Defendants' conduct has caused Ms. Gonzalez constant, severe anxiety and a feeling of helplessness.  Defendants' conduct has disrupted Ms. Gonzalez and her children's daily routines, to the point where her children are afraid of RAC employees and vehicles.

40. Defendant's conduct has caused Ms. Gonzalez embarrassment in front of her neighbors, family, and friends.  It has caused fatigue, guilty and helpless feelings, ongoing fear, anxiety, fear of checking her mailbox, fear of returning home at the end of the day, and anxiety when people knock on her door, send her text messages, or call her phone

## COUNT ONE:  RAC
## VIOLATION OF FCCPA § 559.72(2)

41. Plaintiff restates and incorporates herein all of the statements and allegations contained in preceding paragraphs 1 through 40 in their entirety, as if fully rewritten herein.

42. Plaintiff is a consumer as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a consumer debt for the rental of home appliances.

43. RAC is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

44. Pursuant to Florida Statue 559.72(2), Defendant RAC is prohibited from using or threatening force or violence in collecting consumer debts.

45. RAC used and threatened force in attempt to collect a consumer debt from Plaintiff including, but not limited to, when it came to Ms. Gonzalez's home on numerous occasions and pounded on all of the doors and windows; stole mail out of Ms. Gonzalez's mailbox; and approached Ms. Gonzalez and her family in a threatening manner.

46. RAC's illegal conduct damaged Plaintiff and her children as described *supra*.

47. As a result of Defendant RAC's actions, RAC is liable to Ms. Gonzalez for actual damages, statutory damages, costs, and attorney's fees pursuant to F.S. § 559.77(2).

### COUNT TWO: RAC
### VIOLATION OF THE FCCPA § 559.72(7)

48. Plaintiff restates and incorporates herein all of the statements and allegations contained in the preceding paragraphs 1 through 40 in their entirety, as if fully rewritten herein.

49. Plaintiff is a consumer as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a consumer debt for the rental of home appliances.

50. RAC is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

51. Pursuant to Florida Statute § 559.72(7), Defendant RAC shall not "willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

52. RAC willfully abused and harassed Ms. Gonzalez and her neighbors, friends, and family in attempt to collect a consumer debt from Plaintiff including, but not limited to, when it came to Ms. Gonzalez's home on numerous occasions and pounded on all of the doors and windows;

9

repeatedly called Ms. Gonzalez and her friends and family; stole mail out of Ms. Gonzalez's mailbox; and approached Ms. Gonzalez and her family in a threatening manner.

53. RAC's illegal conduct damaged Plaintiff and her children as described *supra*.

54. As a result of Defendant RAC's actions, RAC is liable to Ms. Gonzalez for actual damages, statutory damages, costs, and attorney's fees pursuant to F.S. § 559.77(2).

**COUNT THREE:  RAC**
**VIOLATION OF THE FCCPA § 559.72(18)**

55. Plaintiff restates and incorporates herein all of the statements and allegations contained in the preceding paragraphs 1 through 40 in their entirety, as if fully rewritten herein.

56. Plaintiff is a consumer as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a consumer debt for the rental of home appliances.

57. RAC is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

58. Pursuant to Florida Statue 559.72(18), all defendants are prohibited from communicating with a debtor if defendants know that an attorney represents the debtor with respect to such debt and have knowledge of, or can readily ascertain, such attorney's name and address.

59. Plaintiff's counsel notified RAC that Ms. Gonzalez is represented by counsel concerning the alleged debt RAC has been attempting to collect.

60. Despite RAC's knowledge that Ms. Gonzalez is represented concerning the alleged consumer debt, RAC continued direct communication with her via texts, telephone calls, mailings..

61. Because of RAC's FCCPA violation, Plaintiff suffered substantial damage described *supra*, and including but not limited to: emotional and physical distress; prevention of the

10

statutory right to be free of direct debt collection communication; and strain on her attorney-client relationship.

62. As a result of Defendant RAC's actions, RAC is liable to Ms. Gonzalez for actual damages, statutory damages, costs, and attorney's fees pursuant to F.S. § 559.77(2).

## COUNT FOUR:  DION LAW
## VIOLATION OF THE FDCPA 15 U.S.C. § 1692g(a)(1)

63. Plaintiff restates and incorporates herein all the statements and allegations contained in the preceding paragraphs 1 through 40 in their entirety, as if fully rewritten herein.

64. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a consumer debt for rental of home appliances.

65. Dion Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

66. Pursuant to 15 U.S.C. § 1692g(a)(1), Defendant Dion Law is prohibited from excluding, in the initial communication or a subsequent communication within five (5) days, the amount of the debt owed by the consumer, Ms. Gonzalez.

67.  On or about August 22, 2016 Dion Law sent Ms. Gonzalez a letter containing a notice of debt and demand for payment.  Dion Law did not send any follow-up communications within the next five (5) days.

68. The August 2016 letter did not contain any information concerning the amount of the debt owed.  It merely referred to "overdue amounts," "this debt," "the debt," "the overdue amount," "past rent," and "all amounts due."

69. Failing to include, in an initial notice of debt or in a follow-up communication within five (5) days, the amount of the debt owed is a violation of 15 U.S.C. § 1692g(a)(1).

11

70. Because of Defendant Dion Law's illegal conduct, Plaintiff has been damaged as described *supra*.

71. As a result of Defendant Dion Law's actions, Dion Law is liable to Ms. Gonzalez for actual damages, statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT FIVE:  DION LAW
### VIOLATION OF THE FDCPA 15 U.S.C. § 1692e(2)(a)

72. Plaintiff restates and incorporates herein all the statements and allegations contained in the preceding paragraphs 1 through 40 in their entirety, as if fully rewritten herein.

73. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a consumer debt for rental of home appliances.

74. Dion Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

75. Pursuant to 15 U.S.C. § 1692e(2)(a), Defendant Dion Law is prohibited falsely representing the character, amount, or legal status of any debt.

76. On or about August 22, 2016 Dion Law sent Ms. Gonzalez a letter containing a notice of debt and demand for payment.

77. Defendant Dion Law falsely represented the amount Ms. Gonzalez needed to pay and misrepresented the legal status of the debt in the August 2016 letter when it stated, in part, "Please pay overdue amounts at this time and return the merchandise," "…this default must be cured after your receipt of this letter," and "[i]t can be cured by returning the rental property and paying the overdue amount."

12

78. The August 2016 letter also stated, "Unless you dispute the validity of this debt or any portion thereof within thirty days after receipt of this notice, we will assume the debt is valid and proceed accordingly."

79. Because of Defendant Dion Law's illegal conduct, Plaintiff was damaged as described *supra*.

80. As a result of Defendant Dion Law's actions, Dion Law is liable to Ms. Gonzalez for actual damages, statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT SIX:  DION LAW:
VIOLATION OF THE FDCPA 15 U.S.C. § 1692e(4)**

81. Plaintiff restates and incorporates herein all the statements and allegations contained in the preceding paragraphs 1 through 40 in their entirety, as if fully rewritten herein.

82. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a consumer debt for rental of home appliances.

83. Dion Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

84. Pursuant to 15 U.S.C. § 1692e(4), Defendant Dion Law is prohibited falsely representing or implying that nonpayment of debt will result in the arrest or imprisonment of any person unless such action is lawful and Dion Law intends to take such action.

85. Defendant Dion Law violated the 15 U.S.C. § 1692e(4) on or about August 22, 2016, when Dion Law sent Ms. Gonzalez a letter containing a notice of debt and demand for payment which stated, in part, "As stated in your contract, a failure to return rental property or equipment upon expiration of the rental period and failure to pay all amounts due (including costs for

damage to the property or equipment) is a prima facie evidence of intent to defraud, punishable in accordance with section 822.155, Florida Statute."

86. Florida Statute 822.155 does not exist and Dion Law has not sought criminal charges against Ms. Gonzalez pursuant to Florida Statute 822.155.

87. Dion Law's statement, in a debt collection letter, that Ms. Gonzalez will be criminally prosecuted under a non-existent statute, is a violation of 15 U.S.C. § 1692e(4).

88. As a result of Defendant Dion Law's actions, Dion Law is liable to Ms. Gonzalez for actual damages, statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT SEVEN:  DION LAW
## VIOLATION OF THE FCCPA § 559.72(9)

89. Plaintiff restates and incorporates herein all the statements and allegations contained in the preceding paragraphs 1 through 40 in their entirety, as if fully rewritten herein.

90. Plaintiff is a consumer as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a consumer debt for the rental of home appliances.

91. RAC is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

92. Pursuant to Florida Statue 559.72(9), all defendants are prohibited from asserting, when attempting to collect a debt, the existence of some legal right when they know that the right does not exist.

93. On or about August 22, 2016 Dion Law sent Ms. Gonzalez a letter containing a notice of debt and demand for payment.

94. The August 2016 letter stated, in part, "As stated in your contract, a failure to return rental property or equipment upon expiration of the rental period and failure to pay all amounts

14

due (including costs for damage to the property or equipment) is a [sic] prima facie evidence of intent to defraud, punishable in accordance with section 822.155, Florida Statute."

95. Defendant Dion Law is a sophisticated law firm that has knowledge of Florida Statutes. Defendant Dion Law knew Florida Statute 822.155 did not exist, yet it asserted a non-existent legal right under the statute.

96. Because of Defendant Dion Law's illegal conduct, Plaintiff was damaged as described *supra*.

97. As a result of Defendant Dion Law's actions, Dion Law is liable to Ms. Gonzalez for actual damages, statutory damages, costs, and attorney's fees pursuant to Florida Statute § 559.77(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESSICA GONZALEZ, respectfully asks this Honorable Court to enter an order granting Plaintiff a judgment for the following:

(i). Statutory damages.

(ii). Actual damages.

(iii). Attorneys' fees and costs.

(iv). Injunctive and declaratory relief.

(v). Plaintiff specifically reserves the right to amend this Complaint and add a claim for punitive damages.

(vi). Any such other relief this Honorable Court deems suitable, fit, proper, and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JESSICA GONZALEZ, hereby demands a jury trial as to all issues so triable.

Dated: November 2, 2016

**Consumer Law Organization, P.A.**
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132

/s/ Darren R. Newhart, Esq.
Darren R. Newhart, Esq.
Florida Bar No.: 0115546
Darren@cloorg.com

**Jacobs | Keeley, PLLC**
Alfred I. DuPont Building
169 East Flagler St., Suite 1620
Miami, Florida 33131
Tel (305) 358-7991
Fax (305) 358-7992
**Service email:**
**efile@jakelegal.com**

By: /s/ Court E. Keeley
Court E. Keeley
Florida Bar No. 23441
Clyde Dunton-Gallagher
Florida Bar No. 122012